IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CP PRODUCTIONS, INC., an Arizona Corporation,<br><br>                              Plaintiff,<br>         v.<br>JOHN DOE,<br><br>                              Defendant. | No. 2:12-CV-01183-PHX-SLG |

### ORDER RE PLAINTIFF'S MOTION TO ALTER OR AMEND

On July 25, 2012, this court granted in part the motion of plaintiff CP Productions ("CP") for ex parte discovery, in which CP sought leave to take discovery prior to the Rule 26(f) conference.[1]  On August 2, 2012, CP filed a motion requesting that this court alter or amend its order.[2]

The July 25, 2012 order granted CP leave to seek discovery of John Doe's name from certain Internet Service Providers ("ISPs"), but did not authorize discovery of the names of John Doe's alleged tortfeasors.[3]  In the present motion, CP argues that it "needs the identifying information of John Doe's joint tortfeasors in order to fully litigate its claims[.]"[4]

This court's order precluded CP from identifying all of the alleged joint tortfeasors prior to the Rule 26(f) conference.  This court expresses no opinion at this time as to

---

[1] Docket 9 (addressing motion at docket 5).

[2] Docket 10.

[3] *Id.* at 1.

[4] Mot. at 1.

whether or to what extent additional discovery may be appropriate after John Doe has been identified and served.  But it bears noting that once he is named, John Doe may be in a better position to assert any due process or other rights of the other unknown alleged joint tortfeasors as warranted.  Accordingly, CP's Motion to Alter or Amend at this time is denied in this regard.

CP has requested, in the alternative, that this court enter a protective order preventing the ISPs from destroying identifying information for the alleged joint tortfeasors, as that information is "subject to imminent permanent destruction."[5]  This request may well have merit.  However, CP did not ask for this relief in its original discovery motion, did not state the court's authority for according such relief, and has not submitted a proposed order describing the specific protections it seeks.  Accordingly, CP's Motion to Alter or Amend is denied at this time in this regard as well.

For the foregoing reasons, CP's Motion to Alter or Amend Court's Order of July 25, 2012 Pursuant to Rule 59(e) is DENIED, without prejudice to CP's ability to file a motion for a protective order.

DATED this 3rd day of August, 2012.

*/s/ Sharon L. Gleason*
Sharon L. Gleason
United States District Judge

---

[5] Mot. at 3.