Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*CP Productions, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CP PRODUCTIONS, INC., an Arizona corporation,<br><br>Plaintiff,<br>v.<br><br>JOHN DOE,<br><br>Defendant. | **CASE NO.: 2:12-CV-1183-PHX-SLG**<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR PRESERVATION ORDER** |

Plaintiff, CP Productions, Inc., through its undersigned counsel, respectfully moves *ex parte* for an Order of this Court requiring certain internet service providers to preserve evidence, and as grounds therefore states as follows:

**INTRODUCTION**

Plaintiff CP Productions, Inc., hereby moves the Court for an order requiring the Internet Service Providers ("ISPs") listed in Exhibit A to Plaintiff's Complaint to preserve the identifying information (name, address, telephone number, e-mail address, and Media Access Control address) sought by Plaintiff in its Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. The identifying information is under imminent threat of destruction, and Plaintiff will suffer irreparable

1

harm if this information is destroyed. The burden placed on the ISPs to maintain the identifying information is minimal. The Court should, therefore, order the ISPs listed in Exhibit A to Plaintiff's complaint to preserve the identifying information until the parties are able to conduct the Rule 26(f) conference.

**BACKGROUND**

On June 5, 2012, Plaintiff filed its Complaint against an unknown Defendant, John Doe, for copyright infringement and related counts of civil conspiracy and contributory infringement. (ECF No. 1.) Plaintiff attached to the complaint an exhibit that listed: 1) the IP addresses of John Doe and his joint tortfeasors, 2) the dates and times that Plaintiff observed the infringement occurring, and 3) the ISP associated with each IP address. (ECF No. 1-1.) In order to identify John Doe, Plaintiff filed a Motion for Leave to issue a subpoena to John Doe's ISP in order to obtain John Doe's identifying information. (ECF No. 5.). Plaintiff also sought leave to obtain the identifying information of John Doe's joint tortfeasors in order to determine the extent of the damages caused by the conspiracy in which John Doe participated and to establish testimony regarding John Doe's liability. (ECF No. 5-1.)

On July 25, 2012, the Court granted Plaintiff leave to seek the identifying information of John Doe, but denied Plaintiff's request to seek the identifying information of John Doe's joint tortfeasors. (ECF No. 9.) Plaintiff filed its Motion to Alter or Amend the Court's July 25 Order and explained the critical importance of the identifying information of John Doe's joint tortfeasors to this case. (ECF No. 10.) On August 3, 2012, the Court denied Plaintiff's Motion to Alter or Amend, and explained that while the identifying information may be necessary for Plaintiff's claims, it is not proper to seek this information before the John Doe Defendant has been named and served. (ECF No. 11.) Plaintiff submits this Motion for Preservation Order in order to preserve the identifying

information of John Doe's joint tortfeasors until after Plaintiff is able to name and serve the John Doe Defendant in this case and meet and confer with him at a 26(f) conference.

## LEGAL STANDARD

The Court has the inherent power to enter an order to ensure that evidence is preserved and not destroyed. *See, e.g., Del Campo v. Kennedy*, No. 01-21151, 2006 WL 2586633, at *2 (N.D. Cal. Sept. 8, 2006); *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135-36 (2004). The purpose of a preservation order is to prevent or reduce spoliation before it occurs. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). In deciding a motion for a preservation order courts have considered three factors: 1) the likelihood that the evidence the moving party seek to preserve will be destroyed absence a preservation order; 2) whether the movant will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting the preservation order. *Columbia Pictures Indus. v. Bunnell*, No. 06-1093, 2007 WL 2080419 (C.D. Cal. May 29, 2007); *Linnen v. A.H. Robins*, 1999 Mass. Super. LEXIS 240, at * 23 (Mass. Super. June 16, 1999); *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370 (S.D.N.Y. 2006).

## ARGUMENT

The Court should grant Plaintiff's motion for a preservation order for three reasons. First, the identifying information Plaintiff seeks to preserve is under imminent threat of destruction. Second, Plaintiff will suffer irreparable harm if the identifying information is destroyed. Third, the burden placed on the ISPs to maintain the identifying information is minimal.

**I. The Identifying Information Plaintiff Seeks to Preserve is Under Imminent Threat of Destruction**

The identifying information Plaintiff seeks to preserve will be destroyed by the ISPs in the normal course of business. ISPs have retention policies in which they regularly destroy subscriber data after a set period of time—generally weeks or months. (ECF No. 5-1 at 5-6); (*see also* ECF No.

5-3) (showing that at least three ISPs maintain the information Plaintiff seeks for only 6 months). Because the infringing activity of John Doe and his joint tortfeasors occurred as far back as January of 2012 (Compl., Ex. A, ECF No. 1-1), more of the identifying information is being destroyed as each day passes.

## II. Plaintiff Will Suffer Irreparable Harm if the Identifying Information is Destroyed

If the identifying information Plaintiff seeks to preserve is destroyed, Plaintiff will be unable to identify John Doe's joint tortfeasors. Plaintiff prayed that the Court enter "an order that John Doe is jointly and severally liable to Plaintiff in the full amount of the Judgment" for both the civil conspiracy and contributory infringement claims. (ECF No. 1 at 12.) Plaintiff, therefore, needs the identities of John Doe's joint tortfeasors for two critical reasons: 1) to establish the extent of the damages caused by the infringing activity, and 2) to identify material fact witnesses. (ECF No. 10 at 2-3.) John Doe's joint tortfeasors will either have personal knowledge or digital data contained on their computers that will be highly relevant to the action against the John Doe. Without this identifying information, Plaintiff will be unable to determine and prove John Doe's liability and damages regarding its claims of civil conspiracy and contributory infringement. (ECF No. 1.)

## III. The Burden Placed on the ISPs to Maintain the Identifying Information is Minimal

The ISPs that possess the identifying information Plaintiff seeks to preserve already maintain that information in their databases for a set period of time before deleting it. (ECF No. 5-2 ¶ 29.) Plaintiff simply requests that the Court order them to maintain it for a short while longer. Indeed, Plaintiff is not requesting that the Court order the ISPs to affirmatively do anything—only that they refrain from doing something until Plaintiff is in a better position to make a request for the information. Upon information and belief, the ISPs possess large databases that can store simple quantities of data, such as the identifying information of its subscribers, at little to no cost to them.

1 The burden placed on the ISPs to maintain the identifying information Plaintiff seeks to preserve,
2 therefore, is minimal.

### **CONCLUSION**

The Court should grant Plaintiff's Motion and order that the ISPs listed in Exhibit A to Plaintiff's Complaint (ECF No. 1-1) preserve the identifying information sought by Plaintiff in its motion for leave to take discovery prior to Rule 26(f) conference (ECF No. 5) until after the resolution of the Rule 26(f) conference between Plaintiff and the John Doe Defendant. The identifying information Plaintiff seeks to preserve is under imminent threat of destruction. Plaintiff will suffer irreparable harm if the identifying information is destroyed. The burden placed on the ISPs to maintain the identifying information is minimal.

Dated this 15th day of August, 2012

                                              Law Offices of Steven James Goodhue

                                              By: _/s/ Steven James Goodhue_____
                                                    Steven James Goodhue (#029288)
                                                    9375 East Shea Blvd., Suite 100
                                                    Scottsdale, AZ  85260
                                                    *Attorney for Plaintiff*
                                                    *CP Productions, Inc.*

# NOTICE OF ELECTRONIC FILING

I hereby certify that on August 15, 2012, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or served via electronic notification if indicated by an "*") on June 13, 2012, to:

Honorable Sharon L. Gleason *(*gleasonproposedorders@akd.uscourts.gov*)
U.S. District Court
Sandra Day O'Connor Courthouse Suite 324
401 West Washington Street, SPC 82
Phoenix, Arizona 85003-7550

/s/ Steven James Goodhue