IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CP PRODUCTIONS, INC., an Arizona corporation,<br><br>                              Plaintiff,<br>         v.<br><br>JOHN DOE,<br><br>                              Defendant. | Case No. 2:12-CV-01183-PHX-SLG |

**ORDER GRANTING MOTION FOR RECONSIDERATION OF
AUGUST 24, 2012 ORDER**

Before the Court at Docket 18 is a Motion for Reconsideration of the Court's August 24, 2012 Order Granting Plaintiff's *Ex Parte* Motion for Protective Order at Docket 13. The Motion to Reconsider is filed by a number of Internet Service Providers ("ISPs"). The ISPs are not parties to this lawsuit, but the *Ex Parte* Order directed those ISPs to preserve certain identifying information sought by the plaintiff until the completion of the Rule 26(f) conference in this matter. For the reasons stated below, the ISPs Motion for Reconsideration is GRANTED and the August 24, 2012 Order is VACATED.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2012, plaintiff CP Productions, Inc. filed the Complaint that initiated this action. The Complaint names a single John Doe as defendant, and alleges copyright infringement and "related common law claims of civil conspiracy and contributory infringement."[1] The Complaint alleges that John Doe is a "serial infringer of Plaintiff's works" and alleges that John Doe and his alleged joint tortfeasors are known to CP Productions only by their Internet Protocol ("IP") addresses.[2] CP Productions asserts this Court has personal jurisdiction over John Doe as it believes it likely that he "either resides in or committed copyright infringement in the State of Arizona."[3] CP Productions alleges John Doe's infringement activities occurred using a peer-to-peer file sharing method called BitTorrent, and the only identifying information users of BitTorrent know about their "peers" is their IP addresses.[4] Appended to the Complaint is a list of approximately 700 IP addresses that CP Productions alleges are associated with John Doe and his joint tortfeasors.[5]

On June 13, 2012, CP Productions filed an *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. The Motion sought an order directing the ISPs to reveal the "name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address" associated with each of the IP

---

[1] Docket 1 at 1.

[2] Docket 1 at 2.

[3] Docket 1 at 3.

[4] Docket 1 at 5.

[5] Docket 1 at 7.

addresses.[6]  On July 25, 2012, this Court granted that motion but solely with respect to the identifying information of the one John Doe defendant.[7]

To date, CP Productions has not sought to amend its Complaint to provide the actual name of John Doe. Instead, on August 15, 2012, CP Productions filed an *Ex Parte* Motion for Preservation Order.  That Motion sought an order directing the ISPs to preserve the identifying information of John Doe's alleged joint tortfeasors in their possession "until the completion of the Rule 26(f) conference in this matter."[8]  On August 24, 2012, the Court granted that *ex parte* motion.[9]  The ISPs now ask this Court to reconsider the August 24, 2012 *Ex Parte* Order.[10]  Pursuant to the Court's request, CP Productions filed a response in opposition to the motion on October 2, 2012, to which the ISPs replied on October 12, 2012.[11]

## DISCUSSION

The ISPs ask this Court to reconsider and vacate the August 24, 2012 Order.  As explained in the Order Granting Motion for Extension of Time and Requesting Response, the motion is akin to a motion to quash a subpoena under Rule 45 of the

---

[6] Docket 5 at 1-2.

[7] Docket 9 at 1.

[8] Docket 12 at 1-3.

[9] Docket 13 at 1.

[10] Docket 18.  CP Productions also filed a renewed *Ex Parte* Motion for Preservation Order on October 2, 2012, which is in essence the same as its opposition to the ISPs Motion to Reconsider.  Docket 22.

[11] Docket 22;  Docket 26.

Federal Rules of Civil Procedure.[12]  Rule 45(c)(3)(A) provides "On timely motion, the issuing court must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter . . . or (iv) subjects a person to undue burden." Additionally, Rule 45(c)(3)(B)(i) provides that "[t]o protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires disclosing a trade secret or other confidential . . . commercial information."

The ISPs assert that the order is "effectively a mandatory injunction compelling the ISPs to suspend ordinary course of business practices, at their sole cost and expense, even though none of the injunction elements were established or limitations observed, and even though the enjoined entities are not parties to this proceeding and were never notified, served, or given an opportunity to respond to the requests for relief against them."[13]  Thus, they assert the order imposes an undue burden, and they emphasize that the ISPs are not actual parties so they cannot be bound by a preliminary injunction.[14] Additionally, the ISPs maintain that CP Productions "has not and cannot establish that the information sought to be preserved is legally relevant to CP's claims against the single John Doe defendant."[15]  The ISPs assert that the identities of the alleged joint tortfeasors or co-conspirators cannot be relevant to the conspiracy and copyright claims against the Doe defendant due to the nature of the BitTorrent system itself, because a "BitTorrent user will have no information about other

---

[12] Docket 19 at 1 n.1.

[13] Docket 18 at 7-8.

[14] Docket 18 at 8-11, 15-16.

[15] Docket 18 at 8, 11.

users other than their IP addresses, the same information the plaintiffs already possess."[16] Consequently, the ISPs assert that CP Productions has not and cannot establish the essential element of a conspiracy -- an agreement -- and this information is not necessary to determine damages against the single named defendant.[17]

CP Productions asserts that the ISPs' Motion for Reconsideration is "defective on a number of levels: (i) the ISPs lack standing to bring it; (ii) the ISPs identify no new facts or a manifest error on the part of the Court and there is no ground for reconsideration; (iii) the information subject to the Order is clearly and undeniably relevant to this matter; (iv) the ISPs fail to allege a single fact suggesting that preserving evidence is unduly burdensome; and (v) the attempt to characterize the Order as a 'mandatory injunction' is nonsensical wordplay."[18] CP Productions maintains that the Order does not impose an undue burden on the ISPs, but simply "prevent[s] them from destroying evidence that Plaintiff has shown is relevant to its case."[19] It cites to *AF Holdings LLC v. Does 1-1,058*[20] to support its assertion that the burden on the ISPs is minimal.[21] CP Productions claims that "[t]he identities of John Doe and his joint tortfeasors are essential to [its] prosecution of its claims in this case" because otherwise

---

[16] Docket 18 at 12-14 (quoting *Pac. Century Int'l Ltd. V. John Does 1-37*, 282 F.R.D. 189, 195 n.13 (N.D. Ill. 2012)); Docket 26 at 2.

[17] Docket 18 at 14.

[18] Docket 22 at 1-2.

[19] Docket 22 at 2-5, 9.

[20] No. 12-cv-00048 (D.D.C. Aug. 6, 2012).

[21] Docket 22 at 4-5.

it "will have no means to name and serve anyone with process."[22]  CP Productions asserts that "[c]ourts in this circuit have routinely granted expedited discovery requests to identify the defendants when the defendants must first be identified before the suit can progress further."[23]  CP Productions alleges that without the protective order, this information is under imminent threat of destruction.[24]

Civil Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or by court order."  This Court finds that CP Productions has not demonstrated that a court order authorizing a departure from this rule is warranted in these circumstances.  CP Productions relies heavily on the District of Columbia Court's decision in *AF Holdings*, but that case involved 1,058 named defendants rather than a single defendant.  And this Court's July 25, 2012 Order provided a means for CP Productions to have sought to discern the identity of the one defendant it named in its Complaint. CP Productions provides no information as to why it could not obtain that defendant's identity, file and serve and amended complaint on that person, attend a Rule 26(f) conference, and then proceed with discovery in the normal manner, including seeking to obtain discovery from non-parties to the extent

---

[22] Docket 22 at 6.

[23] Docket 22 at 6-7.

[24] Docket 22 at 7.

authorized by the Civil Rules.  CP Productions has not demonstrated any persuasive reason to bypass that standard process through the entry of a preservation order.[25]

## CONCLUSION

For the foregoing reasons, it is ORDERED:

1. The ISPs' Motion for Reconsideration of the August 24, 2012 Order Granting Plaintiff's *Ex Parte* Motion for Protective Order is GRANTED.

2. This Court's August 24, 2012 Order Granting Plaintiff's *Ex Parte* Motion for Protective Order at Docket 13 is VACATED.

3. CP Productions' *Ex Parte* Motion for Preservation Order at Docket 21 is DENIED.

DATED this 13th day of November, 2012.

*/s/ Sharon L. Gleason*
United States District Judge

---

[25] This Court expresses no opinion at this time as to whether discovery of the identifying information of the alleged joint tortfeasors discussed in the plaintiff's Complaint would be permitted *after* a Rule 26(f) conference, if such a conference occurs in this case.  Rather, that issue should be addressed if and when a dispute arises on that issue at that time.